■ MARIE E. VOYCE, Appellant, v STEPHEN A. BUCARIA, Respondent, et al., Defendants. [603 NYS2d 537] —In an action to recover damages, *inter alia,* for breach of contract and legal malpractice, the plaintiff appeals from a judgment of the Supreme Court, Westchester County (Wood, J.), entered August 10, 1992, which, upon a jury verdict finding that the negligence of the defendant Stephen A. Bucaria was not a proximate cause of the monetary damages sustained by the plaintiff and that he did not breach a contract to provide legal services, dismissed the complaint insofar as it was asserted against the defendant Stephen A. Bucaria.

Ordered that the judgment is affirmed, with costs.

The plaintiff contended at trial, *inter alia,* that her failure

to timely pay State and Federal taxes on the estate of her late brother, and the estate's subsequent liability for interest and penalties on the unpaid taxes, were caused by the negligent failure of her former attorney, the defendant Stephen A. Bucaria, to advise her of the filing deadlines. The defendant testified that he was not retained for the purpose of preparing the tax returns and that, in any event, the plaintiff terminated their attorney-client relationship prior to the deadline for paying the taxes. The jury found that the defendant was negligent in his representation of the plaintiff but that his negligence was not the proximate cause of the plaintiff's damages.

Contrary to the plaintiff's contention, we find that the court did not err in refusing to include in its charge an instruction on the fiduciary relationship between an attorney and client in the form requested by the plaintiff.

The plaintiff's remaining contentions are either unpreserved for appellate review or without merit. Bracken, J. P., Sullivan, Eiber and O'Brien, JJ., concur.